FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
11/17/2021 4:31 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

**EIGHTH JUDICIAL DISTRICT**
**COUNTY OF TAOS**
**STATE OF NEW MEXICO**

No.: **D-820-CV-2021-** ___ D-820-CV-2021-00393

BLK

**ADAM SPAK and TRACY LEUTHAUSER,**

        **Plaintiffs,**

vs.

**RITURANI, K S MAJHA TRANS, LLC, a**
**California Limited Liability Company, and**
**SIKANDAR SINGH, Individually and as the**
**Sole Manager of K S Majha Trans, LLC**

        **Defendants.**

---

### COMPLAINT TO RECOVER
### DAMAGES FOR NEGLIGENCE, NEGLIGENT
### ENTRUSTMENT, NEGLIGENCE PER SE
### AND FOR LOSS OF CONSORTIUM

---

    **COME NOW** Plaintiffs Adam Spak (hereinafter "Spak") and Tracy Leuthauser (hereinafter "Leuthauser"), by and through their attorney, Dennis T. Sanchez, and as their complaint against Defendants state as follows:

**I.  JURISDICTION AND VENUE**

    1.    Spak and Leuthauser, at all times material hereto are and were residents of Taos County, New Mexico.

    2.    Defendant, K S Majha Trans, LLC (hereinafter "K S Majha") is a California limited liability company organized in the State of California, licensed and authorized to transport goods over highways and other roads within the United States of America, including those in the State

EXHIBIT A

of New Mexico.  K S Majha's principal place of business and its registered agent are located in Madera, Madera County, California.

3.     Defendant Sikandar Singh (hereinafter "Singh") is the sole Manager and an owner of K S Majha Trans, LLC and resides in Madera, Madera County, California.

4.     Defendant Riturani (hereinafter "Riturani") was, upon information and belief, at all material times hereto, an employee of K S Majha, and, upon information and belief, resides in Fresno, Fresno County, California.

5.     At all times material hereto, K S Majha acted through its members, employees, agents and servants including but not limited to Riturani and Singh, all of whom acted within the course, scope and duties of their employment or agency.  K S Majha is jointly and severally liable for the acts and omissions of Riturani and Singh under the doctrine of *respondeat superior*, except in any case in which Riturani and Singh acted *ultra vires*.

6.     At all material times hereto, Singh was the sole managing member of K S Majha responsible for overseeing the management of K S Majha.

7.     Singh, sole managing member of K S Majha, was responsible for, and oversaw, all aspects of management of K S Majha, including but not limited to overseeing compliance with all Federal, State and Local laws applicable to commercial vehicles owned or operated by K S Majha, and the hiring, training and supervision of K S Majha's employees, including Riturani.

8.     K S Majha is a transportation and trucking company, operating in the State of California and throughout the United States of America with a USDOT Number: 2534567.

9.     The events which give rise to this action occurred in McKinley County, New Mexico.

10.     Jurisdiction and venue with the Eighth Judicial District Court, Taos County, New Mexico, is proper in this matter.

## II.     FACTS RELEVANT TO ALL COUNTS

11.     On November 21, 2018, K S Majha, upon information and belief, operated certain commercial vehicles, including one certain 2018 Freightliner Cascadia semi-truck (VIN: 3AKJHHDR1JSJP8405) (hereinafter "the truck").

12.     Upon information and Belief, on November 21, 2018 K S Majha was the registered owner of the truck.

13.     On November 21, 2018, K S Majha acting through Singh entrusted the truck to Riturani to haul goods or other freight for K S Majha by driving the truck.

14.     On November 21, 2018 at approximately 11:00 a.m. Spak, with Leuthauser as a passenger in the front passenger seat, was driving a white Toyota automobile (VIN 5YFBURHE0FP273570) westbound on Interstate Highway 40 approaching the Whispering Meadows Exit No. 39,  near Gallup, McKinley County, New Mexico when highway construction orange barrels forced traffic into a single lane slowing traffic down considerably to a crawl.

15.     Riturani, driving the truck, also traveling westbound, approached the slowed down traffic at an excessive speed and failed to observe how slow the traffic was travelling resulting in the truck violently rear-ending Adam and Tracy's vehicle.

16.     Riturani's act of following too closely was in violation of §66-7-318 NMSA 1978.

17.     The truck is a 2018 Freightliner Cascadia Class 8 Sleeper Cab Semi Truck rated at 33,001 lbs. GVRW.  This particular model and this particular semi-truck is equipped, and at the

time of the collision was, upon information and belief, equipped with a standard Collision Mitigation System that, when turned on, using radar, locks onto traffic ahead of the vehicle and automatically slows the vehicle down to avoid a collision.

18.     Because the truck failed to automatically and, without the assistance of the driver, slow down to avoid a collision, Riturani deliberately, either failed to turn on the Collision Mitigation System or turned it off prior to the collision. In either case, such an act constitutes a willful disregard for the lives and safety of the public in general and Spak and Leuthauser in particular.

19.     Emergency personnel were dispatched immediately to the location, including the New Mexico State Police and the Gallup Indian Medical Center Ambulance and attendant EMT's. Both Spak and Leuthauser were treated on the scene for lacerations and prepared for transport and transported to the Gallup Indian Medical Center in Gallup, New Mexico.  The New Mexico State Police investigated the accident scene and interviewed the drivers, Riturani, and Ms. Bautisto.

20.     Riturani was issued citations by the New Mexico State Police for following too closely.  The NM State Police officer, Patrolman Matthew Williams, upon information and belief, was not aware of the fact that the truck was equipped at the time of the collision with a standard Collision Mitigation System that, when turned on, using radar, locks onto traffic ahead of the vehicle and automatically slows the vehicle down to avoid a collision

III.     **CAUSES OF ACTION**

<u>**COUNT I**</u>
**Negligence Against Riturani**

21.     Plaintiffs reallege and incorporate by reference each allegation contained in all previous paragraphs as if fully set forth herein.

4

22.     Riturani owed a duty to exercise ordinary care for the safety and security of the traveling public including pedestrians while driving on public roads and streets, and this duty extended to all foreseeable harm which might be caused by any vehicle under his control to the traveling public, including pedestrians.

23.     Riturani failed to exercise reasonable care and was negligent in the driving of the truck, which negligence includes, but is not limited to, driving the truck into the rear end of Plaintiffs' vehicle and failing to engage or turning off the Collision Mitigation System.

24.     As a direct and proximate result of Riturani carelessly driving the truck and failing to engage or turning off the Collision Mitigation System, Spak and Leuthauser were struck by the truck and suffered grievous injuries.

25.     As a direct and proximate result of the aforesaid acts and omissions of Riturani and K S Majha and its employees, agents and servants, including but not limited to Singh, Spak and Leuthauser suffered severe bodily injuries and other damages all in an amount to be determined at trial.

26.     The acts of Riturani in driving the truck too closely to Spak and Leuthauser's vehicle and failing to engage or turning off the Collision Mitigation System were either reckless or with willful disregard for the safety of others, including Spak and Leuthauser, entitling Spak and Leuthauser to an award of punitive damages.

## COUNT II
### Negligent Training and Supervision Against K S Majha Services, LLC

27.     Plaintiffs reallege and incorporate by reference each allegation contained in all previous paragraphs as though fully set forth herein.

28.     K S Majha owed a duty to exercise ordinary care for the safety and security of the traveling public, including Spak and Leuthauser, by training Riturani to drive the truck safely on

public roads and streets, and this duty extended to all foreseeable harm which might be caused by any vehicle under the control of one of its employees to the traveling public, including Spak and Leuthauser.

29.     K S Majha, through its members and supervisory employees, including but not limited to Singh, failed to exercise reasonable care and was negligent in failing to properly train and supervise Riturani in driving the truck prior to November 21, 2018, which resulted in Riturani driving the truck too closely to Spak and Leuthauser's vehicle and failing to engage or turning off the Collision Mitigation System.

30.     As a direct and proximate result of K S Majha's acts, attributed to it by the acts of Singh in failing to properly train and supervise Riturani, Spak and Leuthauser were struck by the truck and suffered grievous injuries.

31.     As a direct and proximate result of the aforesaid acts and omissions of K S Majha and its members, employees, agents and servants, including but not limited to Singh on November 21, 2018, Spak and Leuthauser suffered severe bodily injuries and other damages all in an amount to be determined at trial.

32.     The acts of K S Majha in failing to properly train and supervise Riturani from driving the truck too closely to Spak and Leuthauser's vehicle and failing to engage or turning off the Collision Mitigation System, were either reckless or were committed with willful disregard for the safety of others, including Spak and Leuthauser, entitling Spak and Leuthauser to an award of punitive damages.

## COUNT III
## Negligence Per Se Against Riturani

33.     Plaintiffs reallege and incorporate by reference each allegation contained in all

previous paragraphs as if fully set forth herein.

34.     The New Mexico Motor Vehicle Code, Chapter 66 NMSA 1978, establishes a positive and definite standard for driving motor vehicles on the highways and public roads of New Mexico and the violation of this law, if it leads to the commission of a tortious act, constitutes negligence per se.

35.     Spak and Leuthauser is among the class of persons designed to be protected by the New Mexico Motor Vehicle Code.

36.     Spak and Leuthauser's injuries, as outlined above, occurred as a direct and proximate result of Riturani's violations of the New Mexico Motor Vehicle Code §66-7-318 NMSA 1978.

37.     The acts of Riturani in violation of the New Mexico Motor Vehicle Code were willful and reckless or with willful disregard for the safety of others, including Spak and Leuthauser, entitling Spak and Leuthauser to an award of punitive damages.

<u>**COUNT IV**</u>
**Negligence Per Se Against K S Majha Trans, LLC**

38.     Plaintiffs reallege and incorporate by reference each allegation contained in all previous paragraphs as if fully set forth herein.

39.     The New Mexico Motor Vehicle Code, Chapter 66 NMSA 1978, establishes a positive and definite standard for the driving motor vehicles on the highways and public roads of New Mexico and the violation of this law, if it leads to the commission of a tortious act, constitutes negligence per se.

40.     Spak and Leuthauser are among the class of persons designed to be protected by the New Mexico Motor Vehicle Code.

41.     Spak and Leuthauser's injuries, as outlined above, occurred as a direct and

proximate result of Riturani's, and therefore K S Majha's violations of New Mexico Motor Vehicle Code §66-7-318 NMSA 1978.

42.     The acts of K S Majha in violation of the New Mexico Motor Vehicle Code were willful or reckless or with willful disregard for the safety of others, including Spak and Leuthauser, entitling Spak and Leuthauser to an award of punitive damages.

## COUNT V
### Negligent Entrustment Against K S Majha Trans, LLC

43.     Plaintiffs reallege and incorporate by reference each allegation contained in all previous paragraphs as if fully set forth herein.

44.     The injuries, harm, and damages were incurred by Spak and Leuthauser as a result of the negligent training and supervision in the use of the truck by Riturani, K S Majha, through its managing member and/or supervisory employee, Singh, knew, or had reason to know, Riturani's driving involved an unreasonable risk of harm to others while driving the truck.

45.     K S Majha, as the employer of Riturani, through its managing member and/or supervisory employees, Singh, had the right to permit and the power to prohibit the use of this truck by Riturani.

46.     K S Majha knew, through its managing member and/or supervisory employees, Singh, or had reason to know, that Riturani was likely to drive the truck in a negligent and/or reckless manner.

47.     As a direct result of K S Majha negligently entrusting Riturani with the truck, Spak and Leuthauser, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in this Complaint.

48.     The acts of K S Majha in entrusting the truck to Riturani were willful or reckless

or with willful disregard for the safety of others, including Spak and Leuthauser, entitling Spak and Leuthauser to an award of punitive damages.

## COUNT VI
### Negligent Entrustment Against Sikandar Singh

49.    Plaintiffs reallege and incorporate by reference each allegation contained in all previous paragraphs as if fully set forth herein.

50.    The injuries, harm, and damages were incurred by Spak and Leuthauser as a result of the use of the truck by Riturani in a negligent and reckless manner, which Singh knew, or had reason to know, Riturani's driving involved an unreasonable risk of harm to others while driving the truck.

51.    Singh, as supervisor of Riturani, had the right to permit and the power to prohibit the use of this truck by Riturani.

52.    Singh knew, or had reason to know, that Riturani was likely to drive his truck in a negligent and/or reckless manner.

53.    Despite said knowledge or reason to know, Singh entrusted the truck to Riturani.

54.    Said acts of entrusting the truck to Riturani were *ultra vires* of K S Majha.

55.    The negligent entrustment of the truck to Riturani by Singh and/or Yesenia was the sole and proximate cause of the injuries, damages, and harm suffered by Spak and Leuthauser, previously enumerated in this Complaint.

56.    The acts of Singh and/or Yesenia in entrusting the truck to Riturani were willful or reckless or with willful disregard for the safety of others, including Spak and Leuthauser, entitling Spak and Leuthauser to an award of punitive damages.

## COUNT VII
### Loss of Consortium Against All Defendants

57.     Plaintiffs reallege and incorporate by reference each allegation contained in all previous paragraphs as if fully set forth herein.

58.     Both Spak and Leuthauser, who cohabit with each other, suffered loss of consortium.  They enjoyed a close relationship with each other.  Spak and Leuthauser's injuries and suffering caused emotional distress to Spak and Leuthauser.

59.     That as a result of the negligent acts of all the Defendants, Spak and Leuthauser suffered, and will continue to suffer into the future loss of consortium, loss of society, affection and assistance because of the physical, mental and emotional injuries to Spak and Leuthauser which resulted from the subject incident.

60.     That loss of consortium also includes, but is not limited to, the loss and deprivation of Spak and Leuthauser's relationship with each other, mental anguish, family stability, and other associated trauma related to the traumatic subject incident.

61.     The acts of the Defendants were willful or reckless or with willful disregard for the safety of others, including Spak and Leuthauser, entitling Spak and Leuthauser to an award of punitive damages.

**COUNT VIII**
**Joint and Several Liability**

62.     Plaintiffs reallege and incorporate by reference each allegation contained in all previous paragraphs as if fully set forth herein.

63.     Pursuant to §41-3A-1(C)(4) NMSA 1978, there is a sound basis in New Mexico public policy to impose joint and several liability against Riturani, Singh and K S Majha, for the acts and omissions of any and all other parties.

64.     K S Majha committed, authorized, participated, directed or ratified the actions or omissions of its employees, agents, and servants as herein described and as such their acts and

omissions are attributable to K S Majha.

65.     Riturani, Singh and K S Majha should all therefore be held jointly and severally liable for all damages, punitive damages, costs and pre- and post-judgment interest awarded in this cause.

**WHEREFORE**, Plaintiffs pray the court grant them relief as follows:

A.     Award just compensation for damages reasonable to compensate Spak and Leuthauser and Mark in an amount to be determined at trial;

B.     Award Spak and Leuthauser punitive damages in an amount to be determined at trial;

C.     Award Spak and Leuthauser pre- and post-judgment interest in an amount to be determined at trial;

D.     Find all Defendants to be jointly and severally liable pursuant to the provisions of §41-3A-1(C)(4) NMSA 1978;

E.      For such other and further relief as to the Court seems just and proper.


Respectfully Submitted,


Dennis T. Sánchez
Attorney for Plaintiffs
PO Box 3273
Taos, New Mexico 87571
(575) 758-1327
e-mail: dsanchezlaw@qwestoffice.net