IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

ADAM SPAK and TRACY LEUTHAUSER,

      Plaintiffs,

      v.                                 No. 1:22-cv-00201-KWR-SCY

RITURANI, KS MAJHA TRANS, LLC, a
California Limited Liability Company, and
SIKHANDAR SINGH, Individually and as the
Sole Manager of KS Majha Trans, LLC

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Sikhandar Singh's Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction (Doc. 5), filed March 24, 2022, and Plaintiffs' Motion to Amend (Doc. 8), filed April 11, 2022. Having reviewed the parties' briefs, exhibits, and the applicable law, the Court finds that Plaintiffs' Motion to Amend is **WELL-TAKEN**, and is, therefore, **GRANTED**. The Court finds that Defendant's Motion to Dismiss is **NOT WELL-TAKEN**, and is therefore, **DENIED**.

## BACKGROUND

This diversity case is a personal injury action resulting from a traffic collision in New Mexico. KS Majha Trans, LLC (hereinafter "KS Majha") is a California limited liability company, licensed and authorized to transport goods throughout the United States with a USDOT Number 2534567. Doc. 8-3 ¶¶ 2, 8. Defendant Singh is the owner, sole member and manager of KS Majha. Doc 5-1 ¶ 4. On November 21, 2018, Defendant Rani or Defendant Bir

drove a KS Majha operated commercial vehicle, a 2018 Freightliner Cascadia semi-truck (hereinafter "truck"). Doc. 8-3 ¶¶ 11, 15. The truck had a collision with Plaintiffs' white Toyota automobile on Interstate Highway 40 near Gallup, McKinley County, New Mexico. Doc 8-3 ¶¶ 14-15.

Plaintiffs filed a civil action against Defendants in the Eighth Judicial District Court, County of Taos, New Mexico. Doc. 1 ¶ 1. On March 18, 2022, Defendant KS Majha and Singh filed a Notice of Removal in the U.S. District Court for the District of New Mexico based on provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Doc. 1. On March 24, 2022, Mr. Singh filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b). Doc. 5. Mr. Singh in his motion asserted that Ms. Rani was not an employee of KS Majha. Doc. 5 at 6. Considering the new information and to potentially cure the allege defect, Plaintiffs filed a Motion to Amend Complaint on April 11, 2022, and filed a response in opposition to Defendant Singh's motion on April 21, 2022. Doc. 8; Doc. 18. Defendant Singh filed a reply to Plaintiffs' response on May 9, 2022. Doc. 23. Defendant KS Majha filed a response in opposition to the Plaintiffs' motion on April 25, 2022, and Plaintiffs filed a reply to Defendant KS Majha's response on May 9, 2022. Doc. 19; Doc. 24.

## DISCUSSION

### I.   PLAINTIFFS' MOTION TO AMEND

Plaintiffs seeks to add Raj Bir as a party defendant and amend their allegations. Doc. 8 at 1. Mr. Bir was allegedly employed with KS Majha at the time of the traffic collision. *Id*. at 3 ¶ 9. Defendant KS Majha objects to the inclusion of Mr. Bir. Doc. 19 at 1. Defendant argues that Plaintiffs may not amend their complaint as a matter of course under Rule 15(a)(1) and must take leave under Rule 15(a)(2). *Id.* at 2-3. Defendant further argues that Plaintiff's proposed

amendment is futile because Mr. Bir is barred by the applicable statute of limitations. *Id.* at 3-4. The Court finds that Plaintiffs may amend their complaint as a matter of course under Rule 15(a)(1), and as such, Defendant KS Majha has no basis to challenge the futility of the amendments.

Rule 15 of the Federal Rule of Civil Procedure allows amendment of a pleading "as a matter of course" under certain circumstances. Fed. R. Civ. P. 15(a)(1). For example, a party may amend the pleading within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . ." *Id.*

Defendant incorrectly relies on case law prior to the amendment to Rule 15(a)(1) to assert that Plaintiffs are not able to file an amendment as a matter of course. Doc. 19 at 2. Before Rule 15(a)(1) was amended in 2009, if the case had more than one defendant, and not all had filed responsive pleadings, the plaintiff could only amend the complaint as a matter of course to the defendants that had not filed responsive pleadings. *Eg. Williams v. Bd. Of Regents of* Univ, 477 F.3d 1282, 1291 (11th Cir. 2007). Following the amendment of Rule 15(a)(1), the plaintiff may amend pleadings within the 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B); *see also Culver v. Lithia Motors, Inc.,* No. CV 15-669 MCA/SCY, 2016 WL 7426587, at *7 (D.N.M. May 12, 2016) ("Where there are multiple defendants, and this twenty-one day period has expired as to some defendants but not others, the plaintiff may amend the complaint as a matter of course as to those defendants for whom the twenty-one day period has not yet expired"); *Jackson v. WCM Mortg. Corp.*, No. 2:12-CV-02914-JPM-CGC, 2013 WL 3967110, at * 4 (W.D. Tenn. July 31, 2013); *Hylton v. Anytime Towing*, No. 11-CV-1039-JLS, 2012 WL 1019829, at *2 (S.D. Cal. March 26, 2012).

Here, on March 24, 2022, Defendant KS Majha filed a responsive pleading (Doc. 6), and Defendant Mr. Singh filed a motion under Rule 12(b). Doc. 5. Plaintiffs filed an amended complaint on April 11, 2022. Doc 8-3. The Court finds Plaintiffs' Amended Complaint is within the 21-day window allowing a party to amend as a matter of course.

Defendant KS Majha argues that Plaintiffs' amendment is futile because Mr. Bir is barred by the statute of limitations and cannot be added as a party defendant. Doc. 19 at 3. However, as discussed, the Plaintiffs' amended complaint is governed under Rule 15(a)(1), which provides an absolute right for the plaintiff to amend once. *Kulikowksi v. Polis,* No. 20-CV-03152-RM-NYW, 2021 WL 4226141, at *3 (D. Colo. Jan. 21, 2021) (holding that "the right to amend, so long as the requirements of Rule 15(a)(1) are met, is without regard to whether the proposed amendment is viable"); *see also Nattah v. Bush*, 605 F.3d 1052, 1056 (D.C. Cir. 2010) (finding error when the district court failed to refuse to consider claims added as a matter of right); *Galustian v. Peter*, 591 F.3d 724, 739 (4th Cir. 2010) (holding that the "plaintiff's right to amend once is absolute" even if the statute of limitations had run for a claim against an added defendant); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86, 92 (D.D.C. 2014) (holding that plaintiff was entitled to amend as a matter of right, even if "amendment of his complaint will be short-lived," because there was no private cause of action). Therefore, the Defendant has no basis to challenge the futility of the proposed amendments. *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (holding that "[w]hen the plaintiff has the right to file an amended complaint as a matter of course . . .the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility"). The Plaintiffs are permitted to file their amended complaint as a matter of course, without leave or

4

consent. *See* Fed. R. Civ. P. 15(a)(1). Accordingly, the Court will grant the Plaintiffs' motion to amend. Doc. 8.

## II.    DEFENDANT SINGH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION

Defendant Singh seeks to dismiss Plaintiffs' complaint based on lack of jurisdiction. Defendant argues that Ms. Rani was not an employee of KS Majha and Mr. Singh did not entrust the truck to Ms. Rani. Doc. 5 1-2. Plaintiffs, unaware that Ms. Rani was not an employee of KS Majha, submitted an amended complaint. Defendant argued that Plaintiffs have still not established personal jurisdiction over Mr. Singh because Mr. Singh does not have purposefully established minimum contacts with New Mexico. Doc. 5 at 6-8; Doc. 20 at 2-6. The Court disagrees. Plaintiffs have established a prima facie showing of personal jurisdiction over Mr. Singh.

When jurisdiction is contested, the plaintiff has the burden of establishing personal jurisdiction over the defendant. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). At this stage, where a pre-trial motion to dismiss is considered by a court without an evidentiary hearing, the plaintiff "need only make a prima facie showing of personal jurisdiction to defeat the motion." *See AST Sports*, 514 F.3d at 1057. The plaintiff can satisfy this burden by "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)). This showing is "light." *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

"If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (internal quotations omitted); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). In other words, in determining whether the requisite showing has been made, all factual disputes are resolved in the plaintiff's favor and, if uncontroverted by the defendant's affidavits, the well-pled factual allegations in the Complaint must be taken as true. *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020). Still, "[t]he plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Wenz*, 55 F.3d at 1508 (quoting *Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).

This case is brought to federal court based on diversity jurisdiction, and therefore, this Court is required to apply New Mexico law. *See Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988); *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216–17 (10th Cir. 2011) ("In a federal court diversity case, except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

"Personal jurisdiction is established by the laws of the forum state and must comport with constitutional due process." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012). New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *See Tercero v. Roman Cath. Diocese of Norwich*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 316, 48 P.3d 50, 54; *Fireman's Fund*, 703 F.3d at 492–93. The personal jurisdiction analysis, therefore, concerns only whether the exercise of personal jurisdiction offends due process.

"Due process requires both that the defendant [1] 'purposefully established minimum contacts within the forum State' and [2] that the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). In other words, "the contacts with the forum State must be such that the defendant should reasonably anticipate being haled into court there." *XMission*, 955 F.3d at 839–40 (internal quotations omitted); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Yet, even if a plaintiff satisfies the minimum contacts requirement, the defendant can still defeat jurisdiction by presenting a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *See Burger King Corp.*, 471 U.S. at 477.

### A.  Defendant Singh has sufficient minimum contacts with New Mexico.

The Court finds Defendant Singh has sufficient minimum contacts with New Mexico because Plaintiffs have established a prima facie showing of specific jurisdiction over Mr. Singh.

A defendant's contacts with the forum state can result in either general or specific jurisdiction. "A court may assert general jurisdiction over foreign [] corporations [or individuals] to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). The other type of personal jurisdiction is specific jurisdiction, meaning that the cause of action arises from a particular transaction of business or commission of a tortious act in which the defendant "purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *See Romero v. TitleMax of New Mexico, Inc.*,

No. CV 17-775 KG/SCY, 2020 WL 4547294, at *2 (D.N.M. Aug. 6, 2020) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

### 1. New Mexico does not have general jurisdiction over Defendant Singh.

"Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Benton*, 375 F.3d at 1080 (quoting *OMI Holdings*, 149 F.3d at 1091). Thus, for general jurisdiction to exist, Plaintiffs must demonstrate that Defendant Singh's contacts with New Mexico were so "continuous and systematic" that the court could exercise personal jurisdiction over it even if the underlying suit is unrelated to its contacts with the state. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532–33 (10th Cir. 1996); *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1078 (10th Cir. 2008).

Generally, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *See Goodyear*, 564 U.S. at 924. Courts have considered several factors in assessing the relative strength of a defendant corporation's contacts with a forum, such as: "(1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation." *See Trierweiler*, 90 F.3d at 1533.

Here, the evidence does not provide any basis for finding that Defendant Singh's contacts with New Mexico are continuous or systematic. The uncontroverted evidence establishes that Defendant is a California resident and domiciled in California. Doc. 5-1 ¶ 3. Defendant Singh does not operate or do business in New Mexico. *Id.* at ¶ 6. Defendant Singh does not have a place of business or employees in New Mexico, and he does not advertise for business or solicit any business from New Mexico. *Id.* at ¶¶ 7-8. Defendant Singh has not entered into any contracts in New Mexico or picked up or dropped off any loads in New Mexico. *Id.* at ¶¶ 9-10. Therefore, the Court concludes that Plaintiffs have not demonstrated that the Court has general jurisdiction over Defendant Singh.

## 2.  New Mexico has specific jurisdiction over Defendant Singh.

The Court finds that Plaintiffs have established a prima facie showing of specific jurisdiction over Mr. Singh. Mr. Singh purposefully directed his activities at New Mexico through his management of KS Majha, and Plaintiffs' claims arise out of Mr. Singh's purposefully directed activities. Specific jurisdiction is "premised on something of a quid pro quo: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078. For specific jurisdiction to exist, a plaintiff must show that (1) the defendant has "purposefully directed [its] activities at residents of the forum" and (2) that "the litigation results from alleged injuries that arise out of or relate to those activities." *OMI Holdings*, 149 F.3d at 1090–91 (internal quotations omitted).

### a.  Defendant Singh purposefully directed his activities at New Mexico.

Purposeful direction "requires that a defendant have deliberately engaged in significant activities within the forum State or deliberately directed its activities at the forum State, so that it has manifestly availed itself of the privilege of conducting business there." *See XMission*, 955 F.3d at 840 (cleaned up); *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021). "The contacts must be the defendant's own choice and not random, isolated, or fortuitous." *See Ford Motor Co.*, 141 S. Ct. at 1025 (internal quotations omitted). Thus, "the unilateral activity of another party or a third person…or the mere foreseeability that [a defendant's] actions may cause injury in that jurisdiction" is insufficient. *See XMission*, 955 F.3d at 840–41 (internal quotations and citations omitted). In general, purposeful direction may be established under four frameworks, including: (1) continuing relationships with forum state residents; (2) deliberate exploitation of the forum state market; (3) harmful effects in the forum state; and (4) the stream of commerce theory. *See Old Republic*, 877 F.3d at 904–08, 909 n.21.

The harmful effect framework is the correct framework to use in the context of personal injury torts committed by an out-of-state defendant. The plaintiff must show whether an out-of-state defendant's tortious conduct satisfies three elements: "(1) an intentional action; (2) expressly aimed at the forum state; and (3) ... knowledge that the brunt of the injury would be felt in the forum state." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1231 (10th Cir. 2020); *see also Grynberg v. Ivanhoe Energy, Inc.*, 490 F. Appx 86, 96 (10th Cir. 2012) (unpublished) ("One way to conduct [the purposeful direction] analysis in tort cases is to consider the 'effects test' of *Calder v. Jones,* 465 US 783 (1984)"). Plaintiffs must demonstrate each element of the effects test to satisfy the purposeful direction standard. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (noting that the three elements "together indicate 'purposeful direction'").

10

Defendant argues that Mr. Singh did not engage in any purposeful activities directed at New Mexico because Mr. Singh did not conduct any business in New Mexico, solicit business in New Mexico, and Mr. Singh's "alleged entrustment of the truck involved conduct that would have only occurred in [sic] California." Doc 5 at 7. Plaintiffs argue that Mr. Singh did conduct business in New Mexico because Mr. Singh is the sole owner and manager of KS Majha and KS Majha trucks used New Mexico highways. Doc. 18 at 6. Plaintiffs further argue that the New Mexico Limited Liability Company Act allows for agents of corporations to be held liable for tortious acts. *Id*. Defendant argues that Plaintiffs have not offered evidence that the presence of a KS Majha truck on a New Mexico highway establishes personal jurisdiction. Doc. 20 at 2-3, 5. Defendant further argues that alleged liability does not establish personal jurisdiction. *Id*. at 6.

The parties do not dispute that KS Majha has minimum contacts with New Mexico. *Id*. at 5. However, "[j]urisdiction over a corporation in a particular forum does not automatically confer jurisdiction over that corporation's employees." *Newsome v. Gallacher*, 722 F.3d 1257, 1275 (10th Cir. 2013); *see also Ten Mile Indus. Park v. W. Plains Serv. Corp*., 810 F.2d 1518, 1527 (10th Cir. 1987) ("Jurisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself...."). Instead, "jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Ten Mile Indus. Park*, 810 F.2d at 1527; *see also Calder*, 465 U.S. at 790 (stating that an employees "contacts with [the forum state] are not to be judged according to their employer's activities there .... Each [d]efendant's contacts with the forum State must be assessed individually.").

Plaintiffs have established a prima facie showing that Mr. Singh engaged in purposeful activities directed at New Mexico. First, Mr. Singh ownership and management of KS Majha

establishes that Mr. Singh took intentional action. Neither Plaintiff nor Defendant dispute that

Mr. Singh is "the owner, sole member, and manager" of KS Majha. Doc. 5-1 ¶ 4. The police

report states that a KS Majha's truck owned by Mr. Singh used the highways of New Mexico.

Doc. 8-1 at 1. Mere ownership of the truck is an insufficient basis upon which to assert

jurisdiction. *Mathews v. Newman*, No. CV 17-00086 RB, 2017 WL 3142021, at *2 (D.N.M. July

24, 2017). However, "manager" is defined as "someone who administers or supervises the affairs

of a business, office, or other organization." MANAGER, Black's Law Dictionary (11th ed.

2019). Mr. Singh "was responsible for, and oversaw, all aspects of management of KS Majha,

including but not limited to overseeing compliance with all Federal, State and Local laws

applicable to commercial vehicles owned or operated by KS Majha and the hiring, training and

supervision of KS Majha's employees, including [Mr.] Bir." Doc 8-3 ¶ 7. *see also Application to

Enforce Admin. Subpoenas Duces Tecum of the SEC v. Knowles*, 87 F.3d 413, 418 (10th Cir.

1996) ("[E]mployees of a corporation that is subject to the personal jurisdiction of the courts of

the forum may themselves be subject to jurisdiction if those employees were primary participants

in the activities forming the basis of jurisdiction over the corporation." (*citing Calder*, 465 U.S.

at 790)); *see also JD Parker Const., Inc. v. E. Equity Partners*, LLC, No. 08–cv–01392–LTB–

MJW, 2009 WL 151491, at *3 (D. Colo. Jan. 22, 2009) (holding that the defendant was subject

to personal jurisdiction in Colorado, because he was a primary participant in defrauding the

plaintiff). As the owner, sole member, and manager of KS Majha, Mr. Singh is the primary

participant in determining where and how deliveries occurred, including the intentional use of

highways to accomplish deliveries and who operates the trucks.

Second, Mr. Singh's management of KS Majha was expressly aimed at New Mexico. KS

Majha is a "transportation and trucking company" and is "authorized to transport goods over

highways and other roads within the United States of America, including those in the State of New Mexico." Doc. 8-3 ¶¶ 2, 8. Mr. Singh in his affidavit states that "[n]either I nor KS Majha Trans, LLC dictated the route to be taken on the trip that was the subject of the accident. . ." (Doc 5-1 ¶ 14), Defendant does not dispute that a KS Majha truck was on a New Mexico highway at the time of the accident. Doc. 20 at 5. While Mr. Singh and KS Majha's freight pick up and drop off locations were not in New Mexico (Doc. 5-1 ¶ 10), Mr. Singh, as manager, would have known or should have known which states his trucks would travel through to complete deliveries, including the state of New Mexico. *Cf. Dixon v. Stone Truck Line, Inc.,* No. 219CV000945JCHGJF, 2020 WL 7079047, at *7 (D.N.M. Dec. 3, 2020) (holding that even though Ryan Transportation had no control over choosing the route through New Mexico, Ryan Transportation know the initial destination and final destination and the likeliest routes to complete the delivery)*; Vogel v. Morpas*, Civil Action No.: RDB-17-2143, 2017 U.S. Dist. LEXIS 185709, at *9-11, 2017 WL 5187766, at *5-6 (D. Md. Nov. 9, 2017) (concluding Maryland court had personal jurisdiction over out-of-state trucking broker where contract with carrier facilitated two intermediate stops in Maryland on way from Michigan to Philadelphia, even though it was carrier's choice to make Maryland stops); *Turner v. Syfan Logistics, Inc.*, No. 5:15cv81, 2016 U.S. Dist. LEXIS 51460 at *2, 12-13, 2016 WL 1559176 at *5 (W.D. Va. Apr. 18, 2016) (holding that, in case involving trucking accident in Virginia, Virginia court had personal jurisdiction over interstate trucking broker; court determined that broker purposefully targeted Virginia as state through which carrier it hired would transport load based on Load Confirmation, which obligated carrier to drive to Moorefield, West Virginia from Chattanooga, Tennessee, mileage listed on document contemplated route of 527 miles, and two quickest routes aligning with mileage both went through Virginia); *Brandi v. Belger Cartage Serv. Inc.*, 842

F.Supp. 1337, 1341-42 (D. Kan. 1994) (concluding that Kansas court had personal jurisdiction over Colorado broker that arranged for shipment by Arizona carrier from Kansas City, Missouri to Colorado when freight was damaged while in Kansas because broker must have been aware that goods would travel through Kansas and broker should have foreseen being hauled into court in a state through which it had arranged for the shipment of goods). Therefore, Mr. Singh intentionally and expressly aimed his deliveries through the use of New Mexico highways.

Finally, Mr. Singh knew or should have known that a KS Majha truck on a New Mexico highway would cause the brunt of the injury to occur in New Mexico. If the truck were to have an accident on a New Mexico highway, the brunt of the injury of that accident would occur in New Mexico. As owner, sole member, and manager of a company that transports goods over highways (Doc. 5-1 ¶ 4), Mr. Singh would have or should have knowledge of the injuries a truck accident would have should an accident occur on a New Mexico highway. Accordingly, Plaintiffs have established a prima facie showing that Mr. Singh engaged in purposeful activity directed at New Mexico.

### b.  Plaintiffs' claims arise out of Defendant Singh's purposefully directed activity.

For specific jurisdiction, there must also be a connection between the forum and the underlying controversy. *Old Republic*, 877 F.3d at 908. The "arise out of" component of the test requires "the plaintiff's claim arise from essentially the same type of [purposefully directed] activity, even if the activity that gave rise to the claim was not directed at the forum residents." *Hood v. American Auto Care*, LLC, 21 F.4th 1216, 1224 (10th Cir. 2021). Thus, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."

*See Ford Motor Co.*, 141 S. Ct. at 1025 (internal quotations and alterations omitted). The inquiry does not require "a strict causal relationship between defendant's in-state activity and the litigation." *Id.* at 1026.

Plaintiffs allege that Mr. Singh was negligent, negligent in training Mr. Bir, and negligent in entrusting the truck to Ms. Rani. Defendant argues that all alleged negligent claims took place in California and are unrelated to Mr. Singh's purposeful activity directed at New Mexico. The New Mexico Supreme Court has held that "[w]hen negligent acts occur outside New Mexico which cause injury within the state, a 'tortious act' has been committed for purposes of the long-arm statute." *Tercero*, 2002-NMSC-018, ¶ 20, 132 N.M. at 319. It is unclear whether Ms. Rani or Mr. Bir was driving the truck at the time of the accident. However, the Defendant, through counsel, concedes that Mr. Bir is a KS Majha employee. Doc. 8-2 at 1. While the alleged negligent claims took place in California, Mr. Singh's alleged negligent claims have a causal relationship to the accident which occurred on a New Mexico highway. Mr. Singh's alleged negligent directly impeded Mr. Bir's driving or Mr. Bir's decisions to entrust driving to Ms. Rani, which in turn allegedly caused the accident on a New Mexico highway. Furthermore, a causal relationship is no longer required under *Ford*, and rather the court may determine the affiliation between the claims and Mr. Singh's purposeful directed activity in New Mexico. 141 S. Ct. at 1026. As discussed, Mr. Singh availed himself to the use of New Mexico highways through his management of KS Majha. *Supra* II.A.2.a. Mr. Singh's alleged negligence claims directly attribute to the ability of KS Majha's trucks to safely travel on said highways, and thus, an affiliation exists. The Court therefore finds Plaintiff established a prima facie showing of Defendant Singh's minimum contacts with New Mexico.

### 3.   The assertion of personal jurisdiction comports with fair play and substantial justice.

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp.*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Stated differently, the inquiry is whether exercising jurisdiction would be reasonable.  In determining whether the Court's exercise of personal jurisdiction is reasonable, the Court considers five factors: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental social policies. *See OMI Holdings*, 149 F.3d at 1095.

Instances where an otherwise valid exercise of personal jurisdiction would be constitutionally unfair are "rare." *Compañia de Invesiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.,* 970 F.3d 1269, 1289 (10th Cir. 2020). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that ... other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

Defendant has not made a compelling case that jurisdiction over his person would be unreasonable. Defendant has not offered sufficient evidence that it would be a burden on him to adjudicate the dispute in New Mexico. New Mexico has an interest in providing a forum and resolving disputes involving accidents occurring on its roadways and with its citizens. Plaintiffs,

residents of New Mexico, have an interest in obtaining convenient and effective relief in his home state, and the interstate judicial system has an interest in resolving the case between Plaintiffs and Defendant Singh in the same forum and in the same case as with the other parties involved in the collision. Judicial efficiency is served by this Court resolving Plaintiffs' case against Defendant Singh. For the foregoing reasons, it is reasonable and does not offend fair play and substantial justice for this Court to exert personal jurisdiction over Defendant Singh. Accordingly, the Court will deny Defendant's motion to dismiss.

## CONCLUSION

The Court finds that Plaintiffs may amend their complaint as a matter of course under Rule 15(a)1, and as such, Defendant KS Majha has no basis to challenge the futility of the amendments. The Court also finds that Plaintiffs have made a prima facie showing that this Court has personal jurisdiction over Defendant Singh. Plaintiffs have made a prima facie showing establishing the requisite minimum contacts, and Defendant Singh has not made a compelling case that jurisdiction over his person would be unreasonable.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Amend (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their amended complaint attached to their motion within seven (7) days of the entry of this order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **DENIED.**

**IT IS FURTHER ORDERED** that after the amended complaint is filed, Defendants shall respond to the Amended Complaint as set forth in Fed. R. Civ. P. 15(a)(3).

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**